IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-26-BR

RICHARD RAMSEY,

        Plaintiff,

    v.

BIMBO FOODS BAKERIES                   ORDER
DISTRIBUTION, LLC, f/k/a
GEORGE WESTON BAKERIES
DISTRIBUTION, INC.,

        Defendant.

This matter comes before the court on defendant Bimbo Foods Bakeries Distribution,

LLC, f/k/a George Weston Bakeries Distribution, Inc.'s ("BFBD" or "defendant") motion for

reconsideration of the court's order denying its motion for summary judgment or, in the

alternative, for an order stating the material facts not in dispute. (DE # 45.) Plaintiff Richard

Ramsey ("Ramsey" or "plaintiff") filed a response, (DE # 49), to which defendant replied, (DE #

51). This matter is ripe for disposition.

**I. BACKGROUND**

By order dated 24 March 2015, this court denied BFBD's motion for summary judgment

on Ramsey's breach of contract and unfair and deceptive trade practices claims. (DE # 44.) The

court found that a genuine dispute of material fact exists as to whether BFBD improperly

terminated Ramsey's Distribution Agreement ("Agreement"); namely, whether BFBD's stated

reason for termination was merely pretext for retaliating against Ramsey for his participation in a

committee which spoke out against changes in BFBD's pricing policy. (Id. at 8, 10.) BFBD,

pursuant to Federal Rule of Civil Procedure 54(b), now asks the court to reconsider its order "on

the basis that there is additional new evidence . . . and because BFBD respectfully believes this Court may have misapprehended some of the facts at issue." (DE # 45, at 1.)

### III. DISCUSSION

A motion to reconsider an interlocutory order is appropriate only in "certain, limited circumstances." Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D 507, 509 (W.D.N.C. 2003). It is proper where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Although rare, such motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment," as the court "retains the power to reconsider and modify its interlocutory judgments." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515-16 (4th Cir. 2003).

BFBD first argues that two recent letters from plaintiff's counsel indicate that it did not pretextually terminate Ramsey's Agreement. (Mem., DE # 46, at 1-4.) Plaintiff's counsel wrote that BFBD's termination of distribution agreements with Dawn Schumacher ("Schumacher") and Annette Horne, two other independent operators, "appear to be sexual discrimination." (DE # 46-1, at 2.) He further wrote that the termination of Schumacher's agreement "appears to be exactly like" the termination of Ramsey's Agreement. (Id. at 5.) BFBD notes that Schumacher did not participate in the group which opposed BFBD's pricing policies. (Mem., DE # 46, at 3.) If it is true that the two terminations were "exactly alike," BFBD reasons, then it follows that Ramsey could not have been terminated because of his opposition to BFBD's pricing policies.

(Id. at 3-4.) The court declines to impart such a significant meaning to these letters. By stating that the two terminations were "exactly alike," plaintiff's counsel likely meant to allege only that BFBD improperly terminated both agreements. (See Pl.'s Resp., DE # 49, at 3 ("[T]he phrase 'exactly alike' clearly refers to the Defendant's ongoing abusive business practices and in no way suggests that Mr. Ramsey is retracting his contention that he was targeted on a pre-textual basis . . . .").) Accordingly, the court concludes that these letters do not form a proper basis for reconsidering its summary judgment order.

Second, BFBD contends that the court's misapprehension of certain evidence justifies a reversal of its summary judgment order. (Mem., DE # 46, at 4-8.) It argues that the court misconstrued the applicable timeline regarding the out-of-stock situation for which a Harris Teeter store banned Ramsey. (Id. at 4.) This error, BFBD reasons, contributed to the court's finding that BFBD's ordering system may have given rise to the out-of-stock situation. (Id. at 4.) BFBD additionally maintains that the court misapprehended other facts surrounding the ban by Harris Teeter. (Id. at 6.) It argues that "unrefuted evidence" shows that BFBD did nothing to entice Harris Teeter to ban Ramsey and that it gave Ramsey the same assistance it gave other independent operators in similar circumstances. (Id. at 6-7.)

Even assuming the court misapprehended the evidence as BFBD suggests, Ramsey produced other evidence sufficient to create a genuine dispute of material fact as to whether BFBD terminated his Agreement in retaliation for his opposition to its change in pricing policies. In its summary judgment order, the court stated, "Plaintiff's termination occurred relatively shortly after the meeting at which plaintiff was very vocal in objecting to the decrease in margins. . . . Around the same time, defendant terminated the Distribution Agreement of another independent operator who [also opposed the decrease in margins]." (DE # 44, at 8.) This

3

evidence alone creates a triable issue of fact as to BFBD's reason for terminating Ramsey's Agreement. Accordingly, the court declines to alter its summary judgment order based on BFBD's assertion that the court misconstrued the above evidence.

Further, the court denies BFBD's alternative request for an order stating the material facts not in dispute.

## IV. CONCLUSION

Based on the foregoing, BFBD's motion for reconsideration of the court's order denying summary judgment or, in the alternative, for an order stating the material facts not in dispute, (DE # 45), is DENIED.

This 28 May 2015.

_____

W. Earl Britt

Senior U.S. District Judge

4