IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-26-BR

| | |
|---|---|
| RICHARD RAMSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BIMBO FOODS BAKERIES ) | |
| DISTRIBUTION, LLC, ) | |
| ) | |
| Defendant. ) | |

This consolidated case comes before the court on two discovery motions: (1) a motion to compel (D.E. 60) responses to interrogatories and requests for production of documents by plaintiff Richard Ramsey ("plaintiff") and (2) a motion for a protective order (D.E. 63) by defendant Bimbo Foods Bakeries Distribution, LLC ("defendant"). The motions have been fully briefed and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Public D.E. dated 4 August 2015). For the reasons set forth below, the motion to compel will be allowed and motion for protective order will be denied.

## BACKGROUND

### I.　PROCEDURAL OVERVIEW

Plaintiff commenced the initial lawsuit ("the first lawsuit") comprising this action in Harnett County (North Carolina) Superior Court on 21 January 2014 alleging claims arising from a distribution agreement with defendant ("the agreement"). (*See* Compl. (D.E. 1-1 at 1-17)). Defendant removed the case to this court on 21 January 2014. (*See* Removal Not. (D.E. 1)). It was assigned the number in the caption above.

On 2 December 2014, plaintiff commenced a second lawsuit ("the second lawsuit") against defendant, again, in Harnett County Superior Court, arising from the same agreement at issue in the first lawsuit. (*See* 5:15-CV-6-BR ("Case 6")[1] Compl. (D.E. 5-1 at 2-14)). Defendant removed the second lawsuit to this court on 7 January 2015. (*See* Removal Not. (Case 6 D.E. 5)). It was assigned case no. 5:15-CV-6-BR. On 10 April 2015, the court entered an order that, among other things, consolidated the second lawsuit into the first lawsuit and terminated the second lawsuit as a separate proceeding. (*See* 10 Apr. 2015 Consol. Order (D.E. 50 and Case 6 D.E. 19) 4-5, 14).

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

### A. First Lawsuit

Plaintiff and defendant entered into the agreement on 15 December 2009. (*See* Compl. ¶ 5; Distrib. Agr. (D.E. 1-1 at 19-38)). Pursuant to the agreement, plaintiff, as an independent operator, purchased bakery products from defendant and sold them to grocery store chains and independent grocers. (Compl. ¶ 6). Defendant acted as plaintiff's agent in negotiating and entering into contracts with the grocery stores for the sale of the bakery items. (*Id*. ¶ 7). Plaintiff paid defendant $130,000.00 for his distribution route and was paid on a percentage of sales or a margin on the sale of product. (*Id*. ¶ 8).

In June of 2013, plaintiff was advised that an additional brand was being added to the product line and the margin paid was going to be reduced. (*Id*. ¶ 10). Plaintiff and other independent operators in the Raleigh, North Carolina area conferred and opposed defendant's plan to unilaterally reduce margins. (*Id*. ¶ 12). The reduction in margins caused plaintiff to have reduced earnings and damaged the value of his distribution route. (*Id*. ¶ 23). On 11 December

---

[1] "Case 6" refers to the case number assigned to the second lawsuit after its removal to this court. Citations that do not contain "Case 6" refer to sources appearing in the docket of the above-captioned case.

2013, defendant notified plaintiff that it was terminating the agreement. (*Id.* ¶ 25). The reasons stated by defendant for terminating the agreement are untrue or immaterial. (*Id.* ¶¶ 31-32). After termination of the agreement, defendant took over plaintiff's route and hired an individual to operate the route in plaintiff's name and charged plaintiff for all expenses allegedly incurred in the operation of the route. (*Id.* ¶¶ 37-38).

In his complaint, plaintiff asserts claims for a preliminary injunction (*id.* ¶¶ 45-52), breach of contract (*id.* ¶¶ 53-57), fraud (*id.* ¶¶ 58-60), and violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 *et seq.* (*id.* ¶¶ 61-64).[2] The court on 10 July 2014 denied plaintiff's request for a preliminary injunction, but allowed in part defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), dismissing plaintiff's fraud claim. (*See* 10 July 2014 Order (D.E. 29)). On 24 March 2015, the court denied defendant's motion for summary judgment on the two remaining claims—breach of contract and violation of UDTPA. (*See* 24 March 2015 Order (D.E. 44)).

**B.     Second Lawsuit**

The complaint in the second lawsuit alleges that following the termination of the agreement and pursuant to the agreement's terms, defendant operated plaintiff's route for a period in excess of 9 months. (Case 6 Compl. ¶¶ 13, 15). During that time, defendant collected margins and charged plaintiff excessive expenses, causing plaintiff harm. (*Id.* ¶ 16). Defendant then sold plaintiff's business and the area encompassed in the agreement without approval from plaintiff. (*Id.* ¶¶ 19-21). Plaintiff asserted claims for breach of contract (*id.* ¶¶ 33-35), negligence (*id.* ¶¶ 36-40), fraud (*id.* ¶¶ 41-43), breach of fiduciary duty (*id.* ¶¶ 44-47), and UDTPA violations (*id.* ¶¶ 48-50).

---

[2] The complaint characterized as an additional cause of action a demand for punitive damages. (*See* Compl. ¶¶ 65-69).

3

Defendant moved to dismiss the second lawsuit on grounds that it was duplicative of the first or, in the alternative, to stay or consolidate it with the first lawsuit. (Case 6 Mot. to Dismiss. (D.E. 13)). In its 10 April 2015 order, the court found that dismissal of the second lawsuit on grounds that it duplicated the first was unwarranted, but dismissed plaintiff's claims for negligence, breach of fiduciary duty, and fraud, and consolidated the second lawsuit with the first lawsuit. (*See* 10 Apr. 2015 Consol. Order 4-5, 9-11, 14).

### III. DISCOVERY-RELATED PROCEEDINGS

The court entered an initial scheduling order on 15 April 2014. (*See* Sched. Order (D.E. 26)). On 3 June 2014, plaintiff took the deposition of defendant's employee Brant Vickers. (*See* D.E. 66-2 (deposition excerpts)). On 25 July 2014, plaintiff served on defendant a set of requests for production of documents (D.E. 66-1). Pre-consolidation discovery closed on 30 January 2015. (*See* Sched. Order ¶ 1). The pre-consolidation discovery proceedings are not the subject of the instant motions.

On 2 June 2015, after consolidation, plaintiff filed a motion (*see* D.E. 55) to continue the 3 August 2015 trial date on grounds that discovery in the second lawsuit was still in its early stages. On 10 June 2015, the court allowed the motion to continue the trial and found that additional time for discovery regarding the claims asserted in the second lawsuit was justified. (10 June Order (D.E. 58)).

The parties filed a proposed discovery plan (D.E. 57) on 2 June 2015, in which they identified disputes between them regarding the proper scope of discovery after consolidation. On 27 May 2015, plaintiff served on defendant his first set of discovery requests after consolidation, consisting of a set of interrogatories ("first set of interrogatories") and a set of

requests for production of documents ("first set of production requests"). (*See* Def.'s Resp. to Pl.'s 1st Set of Disc. Reqs. (D.E. 61-1)). Defendant served responses to these discovery requests on 22 June 2015. (*See id.*). Plaintiff deposed Mr. Vickers a second time on 7 July 2015. (*See* D.E. 66-3 (deposition excerpts)). On 9 July 2015, plaintiff served his second set of production requests after consolidation ("second set of production requests") (D.E. 61-2). On the same date, plaintiff noticed a deposition of defendant, pursuant to Fed. R. Civ. P. 30(b)(6). (*See* Rule 30(b)(6) Dep. Not. (D.E. 63-1)).

On 16 July 2015, plaintiff filed his motion to compel, which relates to plaintiff's post-consolidation sets of discovery requests. Defendant filed its motion for protective order on 23 July 2015. It relates to plaintiff's Rule 30(b)(6) deposition notice. Subsequently, on 6 August 2015, the court entered an amended scheduling order setting deadlines and limitations on the number of discovery requests, but reserving ruling on the scope of discovery pending motion practice. (Am. Sched. Ord. (D.E. 69) ¶ 2).

## DISCUSSION

### I. APPLICABLE LEGAL PRINCIPLES

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37.[3] Rule 26 provides for a broad scope of discovery:

---

[3] By order dated 29 April 2015, the Supreme Court adopted amendments to the Federal Rules of Civil Procedure that took effect on 1 December 2015. *See* 29 Apr. 2015 Order, http://www.supremecourt.gov/orders/courtorders/frcv15_5h25.pdf, p. 3 (last visited 17 Feb. 2016). The amendments "govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." 29 Apr. Order ¶ 2. The instant motions were filed, and the discovery requests and deposition notice to which they relate were served prior to 1 December 2015. Nonetheless, because none of the changes contained in the amendments affect resolution of the motions, the court has applied the amended rules in resolving the motions. The discovery undertaken pursuant to this Order shall also be subject to the rules of discovery as amended on 1 December 2015.

5

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sept. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 July 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'") (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 governs the service of interrogatories. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written

6

interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. Fed. R. Civ. P. 33(b)(3). Objections not made timely are waived, subject to excuse by the court for good cause. Fed. R. Civ. P. 33(b)(4).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). In addition, where the objection asserted is one of privilege, a party must expressly assert it in response to the particular discovery request involved and serve with its discovery responses a privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A).

Rule 30 provides for the taking of depositions, including depositions of organizations pursuant to Rule 30(b)(6). The broad scope of discovery permitted under Rule 26(b)(1) applies to Rule 30(b)(6) depositions. *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 238 (D. Md. 2010) ("To the extent information sought in a Rule 30(b)(6) deposition is relevant to the claims or defenses in the case and is known or reasonably available to the corporation, it must provide a corporate designee or multiple designees prepared to provide that information." (citing Fed. R. Civ. P. 26(b)(1) & 30(b)(6))).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Local Civil Rule 7.1(c)(2), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing

7

of any discovery motions." Local Civ. R. 7.1(c)(2), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)); *Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with Local Civil Rule 7.1 certification requirement).

In addition, Rule 37(a)(5)(A) requires that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances or other circumstances that would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). The rule states in relevant part:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Courts have held that an award of reasonable expenses is appropriate where the moving party has acted in good faith and attempted to resolve the matter without court intervention, but the nonmoving party has failed to comply with its obligations under the Federal Rules of Civil Procedure. *See, e.g., Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733-34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions).

The court is also authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from

8

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* (c)(1)(A), (c)(1)(D). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009). A motion for a protective order is subject to a conferral certification requirement comparable to that for motions to compel and the same provision on the award of expenses applicable to motions to compel. *See* Fed. R. Civ. P. 26(c)(1), (3).

## II. PLAINTIFF'S MOTION TO COMPEL RESPONSES TO HIS POST-CONSOLIDATION DISCOVERY REQUESTS

The first set of interrogatories seeks information regarding defendant's operation and subsequent sale of plaintiff's distributorship after termination of the agreement. Defendant asserted general objections to the interrogatories based on privilege and various types of undue burden and overbreadth. Its specific response to each interrogatory consisted solely of the objection that "the Court has not issued a Case Management Order setting the number of Interrogatories, which is a matter of dispute between the Parties, as set forth in the Parties' Joint Rule 26 (f) Report." (Def.'s Resp. to Int. No. 1).

Four of the 11 production requests in the first set of production requests seek documents relating to various interrogatories. (*See* Def.'s Resp. to 1st Set of Prod. Reqs., Reqs. Nos. 8-11). Defendant's response to these production requests consisted of the same objection it asserted as to each interrogatory. Defendant objected to the remaining production requests in the first set on

9

grounds of overbreadth, vagueness, and ambiguity, and/or privilege, but indicated that it would produce some of the documents requested. (*Id.*, Reqs. Nos. 1-7). Defendant also asserted as to the production requests the same general objections it asserted as to the interrogatories.

The four production requests in plaintiff's second set of production requests seek particular documents relating to defendant's expenses in operating plaintiff's route, including checks, receipts, invoices, and other records. (*See* 2nd Set of Prod. Reqs.). Responses to the second requests were not due prior to the filing of the instant motion. Defendant has served no responses to the production requests.

In opposing plaintiff's motion, defendant first argues that the motion was filed before the parties were able to adequately confer regarding the second set of production requests. Although plaintiff states in his motion that he made every reasonable effort to resolve the dispute without court intervention, his filing the motion only a week after the second set of production requests was served did deprive the parties of a meaningful opportunity to confer regarding it. Nonetheless, defendant has not shown that, under the circumstances presented, it has been prejudiced by plaintiff's failure to confer adequately. Nor can the court say that its resources have been wasted by being drawn into the dispute. Given the similarity between the first set of production requests and the second set, and the parties' inability to resolve the disputes regarding the first set, it is reasonable to assume that proper conferral would not have resolved the disputes regarding the second set.

Defendant further argues that plaintiff could not properly serve post-consolidation discovery before the court entered an amended scheduling order resolving the parties' disputes over the scope of discovery. But defendant itself responded to plaintiff's first set of post-

10

consolidation discovery requests before the amended scheduling order had been entered. Moreover, Rule 26 provides that discovery may begin once the Rule 26(f) conference is held, which occurred before plaintiff served his post-consolidation discovery requests. *See* Fed. R. Civ. P. 26(d)(1).

At this point, defendant's contention regarding the amended scheduling order is moot in the sense that the court has now entered an amended scheduling order. As noted, that order did not specify the scope of discovery, but ruled that the scope was to be determined by motion practice, as is being done via the instant motions. Nor are there any provisions in the amended scheduling order that would render plaintiff's post-consolidation discovery requests improper. In particular, the amended scheduling order set a limit of 25 interrogatories per party, with which the court deems plaintiff's first set of interrogatories compliant, counting interrogatory no. 18 as two interrogatories given the subparts it contains.

Defendant also contends that plaintiff is improperly using the second lawsuit to circumvent the discovery deadline in the first lawsuit. Specifically, defendant contends that plaintiff had ample time and opportunity in the first lawsuit to conduct discovery relating to defendant's operation and sale of the distributorship and may not reopen discovery merely by filing a second lawsuit. Filing a second and wholly duplicative lawsuit in order to reopen discovery would arguably be improper. But that is not the situation here. The gravamen of the claims in the first lawsuit is alleged improper conduct by defendant through termination of the agreement and the gravamen of the claims in the second lawsuit is alleged improper conduct by defendant after termination.

11

Moreover, the court previously ruled in its order on plaintiff's motion for continuance that additional time for discovery regarding the claims raised in the second complaint was warranted, stating, "the court finds that additional time for discovery regarding the claims Ramsey raised in his second complaint is justified." (10 June 2015 Order 2). Obviously, if the second lawsuit were wholly duplicative, no such further discovery would be justifiable. (*See also* 10 Apr. 2015 Consol. Order 4-5, 14 (ruling that dismissal of the second lawsuit as duplicative was unwarranted and that consolidation would cure any risk of duplication)).

Defendant additionally argues that the information and documents plaintiff seeks regarding the expenses incurred in defendant's operation of plaintiff's route are cumulative of information and documents it has already produced or agreed to produce. The court disagrees. While defendant has produced or agreed to produce substantial information and documents on this topic, including a summary of charges, settlement statements, and spreadsheets, and Mr. Vickers has also provided testimony on this topic, the additional discovery plaintiff seeks regarding the expenses relates largely to information and documents underlying the information and documents that defendant has already produced and Mr. Vickers testified about. Documents setting out summaries or prepared estimates of costs are not a substitute for the more detailed information and documents plaintiff seeks that may underlie such summaries and estimates. Defendant's incursion of expenses in operating plaintiff's route and the amount of such expenses are clearly relevant to his remaining claims of breach of contract and violation of UDTPA.

Defendant has failed to demonstrate that production of the information and documents sought by plaintiff would be unduly burdensome, that plaintiff's discovery requests are vague or ambiguous, or that the discovery requests are otherwise improper. The court will accordingly

12

allow plaintiff's motion to compel. Defendant, though, may withhold from production information and documents for which it claims privilege or work product protection, subject to its production of a privilege log in accordance with Rule 26(b)(5)(A).

III. **DEFENDANT'S MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE**

By its motion for a protective order, defendant seeks to prevent plaintiff from taking the Rule 30(b)(6) deposition of it noticed by plaintiff after consolidation. Plaintiff did not notice a Rule 30(b)(6) deposition of defendant prior to consolidation. The topics identified in plaintiff's notice are: (1) "All information related to sales, income, profits, margins, costs, fees, expenses, charges, and payments associated with the operation of Plaintiff's route after the termination of his contract"; (2) "All information related to the valuation, marketing, negotiation, and sale of Plaintiff's route"; and (3) "All information relating to the identities, job titles, and locations of any and all individuals who were involved in or knowledgeable about the operation and sale of Plaintiff's route." (Rule 30(b)(6) Dep. Not., Ex. A (D.E. 63-1 at 5)).

Defendant states that if the deposition is permitted, its corporate representative would be Mr. Vickers, who, as indicated, has already been deposed twice in his individual capacity. It contends that permitting Mr. Vickers to be deposed again as its corporate representative would be duplicative and unnecessary. The court disagrees.

A deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative. "A Rule 30(b)(6) designee speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation. However, when the same deponent testifies in his individual capacity, he provides only his personal knowledge, perceptions, and opinions." *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:10-

CV-01224, 2013 WL 1722998, at *1 (S.D.W. Va. 22 Apr. 2013). Thus, there is nothing improper about plaintiff noticing a Rule 30(b)(6) deposition even though Mr. Vickers was previously deposed. *LendingTree, Inc. v. LowerMyBills, Inc.*, No. 3:05CV153-C, 2006 WL 2443685, at *3 (W.D.N.C. 22 Aug. 2006) (holding that party's attempt to notice Rule 30(b)(6) deposition of witness who already testified in individual capacity was proper); *see also In re Motor Fuel Temperature Sales Practices Litig.,* No. 07–MD–1840–KHV, 2009 WL 5064441, at *2 (D. Kan. 16 Dec. 2009) ("[C]ourts have consistently held that the fact that a company's employee was deposed under Rule 30(b)(1) does not insulate the company from producing the same—or another—individual as a corporate representative to give a Rule 30(b)(6) deposition.").

Permitting the Rule 30(b)(6) deposition to go forward is particularly appropriate here, where during the prior depositions of Mr. Vickers in his individual capacity, there were topics of examination upon which Mr. Vickers did not have personal knowledge and as to which defense counsel instructed that Mr. Vickers could not or would not testify regarding defendant's knowledge. (*See, e.g.,* 7 July 2015 Vickers Dep. Excerpts (D.E. 66-3) (objections to questioning on grounds that Mr. Vickers was not a corporate designee at 44:19-25; 45:19-25)). While such objections were appropriate for an individual deposition, it is, of course, defendant's obligation at a Rule 30(b)(6) deposition to prepare Mr. Vickers, or whomever it designates as its corporate representative, to testify on those topics.

The court concludes that defendant has not otherwise established that the Rule 30(b)(6) deposition plaintiff noticed would subject it to annoyance, embarrassment, oppression, undue burden or expense, or would otherwise warrant entry of a protective order. Defendant's motion for a protective order will accordingly be denied.

# CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. Plaintiff's motion to compel (D.E. 60) is ALLOWED and defendant's motion for a protective order (D.E. 63) is DENIED.

2. Defendant shall serve on plaintiff no later than 15 March 2016: (a) complete answers to the first set of interrogatories along with a verification for them; (b) to the extent not already produced, the documents sought in plaintiff's first set of production requests along with a duly signed supplemental response to the requests identifying the documents being produced; (c) to the extent not already produced, the documents sought in plaintiff's second set of production requests along with a duly signed response to the requests identifying the documents being produced; and (d) a privilege log in conformance with Rule 26(b)(5)(A) identifying any information or documents withheld on the grounds of privilege or work product protection.

3. Plaintiff may take a Rule 30(b)(6) deposition of defendant on the topics identified in his Rule 30(b)(6) deposition notice ((D.E. 63-1 at 4) no later than 15 March 2016.

4. Each party shall bear its own costs incurred on the motions, the court finding that the award of expenses would be unjust. *See* Fed. R. Civ. P. 26(c)(3), 37(a)(5)(A)(iii).

5. The amended scheduling order (D.E. 69) is modified as follows:

    a. Reports from retained experts, which shall be limited to the subject matter of the breach of contract and UDTPA claims in the second lawsuit, shall be due from plaintiff by 15 April 2016 and from defendant by 16 May 2016. Plaintiff shall make his experts available for deposition by 5 May 2016, and defendant shall make its experts available for deposition by 3 June 2016.

b. Any potentially dispositive motions shall be filed by 1 July 2016.

c. The deadline for submission of a pretrial order and the date of the final pretrial conference will be set by separate order.

d. The trial in this action will be held before the presiding district judge at his 26 September 2016 civil term in Raleigh, North Carolina.

e. Except as modified herein, the terms of the amended scheduling order remain in full force and effect.

SO ORDERED, this 17th day of February 2016.

_____
James E. Gates
United States Magistrate Judge